UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH J. SIAS and | ) | |
| KATHRYN A. SIAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-43 |
| | ) | (VARLAN/SHIRLEY) |
| WASHINGTON MUTUAL BANK, FA, | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| MCCURDY & CANDLER, LLC, and | ) | |
| JOHN & JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiffs' pro se Notice and Application for Order to Show Cause Re: Preliminary Injunction Under F.R.C.P. 65 [Doc. 3], in which plaintiffs request a preliminary injunction preventing defendants from proceeding with a non-judicial foreclosure of their home based upon alleged violations of the federal Truth-in-Lending Act ("TILA"), codified at 15 U.S.C. §§ 1601, *et seq.*, and the implementing regulations at 12 C.F.R. §§ 226, *et seq*. Defendant McCurdy & Candler, LLC ("McCurdy") has filed a response in opposition [Doc. 5]. Plaintiffs have filed a reply to that response [Doc. 8]. The motion is now ripe for the Court's consideration.

In considering a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65, this Court asks (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3)

whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).[1] Courts should make findings as to each factor unless a discussion of fewer factors will dispose of the issue. *G&V Lounge v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1076 (6th Cir. 1994)

This Court need only consider the first of these factors to dispose of the issue in this case. Plaintiffs entered into the mortgage transaction that serves as the basis for the instant dispute on June 28, 2007 [Doc. 1, ¶ 18]. In a letter to Chase Home Finance dated July 13, 2009, plaintiffs alleged that they "were provided with ineffective notice of the material disclosures required under 12 C.F.R. § 226.23" in connection with that mortgage transaction, and gave notice of their rescission of the mortgage agreement [Doc. 1-3].[2] On December 10, 2009, Chase Home Finance responded that "[s]ince no specific Truth in Lending violations have been provided that constitute a right to rescind under the Truth in Lending Act, Chase declines [plaintiffs'] request to rescind the" loan [Doc. 1-4]. Plaintiffs thereafter received a

---

[1] This Court finds that it has the authority to issue injunctive relief in this case, although it declines to exercise that authority. While case law from other circuits suggests that TILA does not provide litigants with a basis for equitable relief, *see, e.g.*, *Christ v. Ben. Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008) ("[W]e do not read TILA to confer upon private litigants an implied right to an injunction or other equitable relief such as restitution or disgorgement."), district courts in the Sixth Circuit and other circuits have granted such relief. *See, e.g.*, *Deans v. Long Beach Mortgage Co.*, No. 1:07-CV-205, 2007 WL 772892, at *3 (W.D. Mich. Mar. 12, 2007) (issuing temporary restraining order preventing sheriff's sale of plaintiff's home, where plaintiff alleged TILA violation); *Bland v. Carone Family Trust*, Civil No. 07-CV-418-L(RBB), 2007 WL 951344, at *4 (S.D. Cal. Mar. 19, 2007) (enjoining foreclosure).

[2] This letter is dated July 13, 2009, but the date next to plaintiffs' signatures on the letter, in plaintiffs' handwriting, is November 20, 2009.

2

letter dated January 25, 2010 from McCurdy indicating that plaintiffs' "failure to comply with the terms of" the mortgage loan agreement resulted in "the entire amount of the outstanding balance of the loan" being "declared immediately due and payable" [Doc. 1-1]. The January 25, 2010 letter noted further that "[a]dvertisement of foreclosure w[ould] be inserted, as provided by law, providing for public sale to be held on Thursday, February 18, 2010" [*Id.*].

Plaintiffs filed a complaint with this Court on February 4, 2010 [Doc. 1]. As plaintiffs state in their complaint, the "gravamen of the instant matter is a failure to provide each [p]laintiffs [sic] with mandatory material disclosures as required by [TILA] and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z)" [Doc. 1, ¶ 1]. 12 C.F.R. § 226.23(a)(1) provides that "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction." 12 C.F.R. § 226.23(b)(1) provides further that "[i]n a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." This notice must be on a separate document that identifies the transaction, and must clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling;

(2) The consumer's right to rescind the transaction;

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

3

(4) The effects of rescission; and

(5) The date the rescission period expires.

12 C.F.R. § 226.23(b). "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by [12 C.F.R. § 226.23(b)], or delivery of all material disclosures, whichever occurs last." *Id.* § 226.23(a)(3). "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." *Id.*

In connection with the execution of the mortgage loan transaction in this case, plaintiffs contend that they were provided with (1) a copy of plaintiffs' Uniform Residential Loan Application; (2) an Adjustable Rate Note with Adjustable Rate Rider; (3) a Deed of Trust security instrument; (4) one unsigned copy of a Truth in Lending Disclosure Statement; (5) a HUD-1 settlement statement; and (6) two unsigned copies of the Notice of Right to Cancel [Doc. 1, ¶ 21; *see* Doc. 1-2]. Plaintiffs argue that, pursuant to the applicable regulations, they should have received two copies of the TILA Disclosure Statement–one for each plaintiff–and four copies of the Notice of Right to Cancel–two for each plaintiff [Doc. 1, ¶ 30]. They argue further that because they were not provided with these material disclosures as required under the regulations, they were statutorily entitled to a three-year extension of their right to rescind, which they timely exercised, and which was nevertheless denied to them [*Id.*, ¶ 38]. On the basis of these allegations, plaintiffs seek to prevent the

foreclosure of their home or, in the alternative, unwind the sale if it has already taken place by the time this Court has issued its order [Doc. 3].[3]

Plaintiffs cannot maintain their claim in this case. As both the statutes and case law in the Sixth Circuit make clear, "written acknowledgment of receipt of any disclosures required under [TILA] by a person to whom information, forms, and a statement is required to be given pursuant to this section . . . create[s] a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c); *Sibby v. Ownit Mortgage Solutions, Inc.,* 240 F. App'x 713, 717 (6th Cir. 2007); *Jackson v. New Century Mortgage Corp.*, 320 F. Supp. 2d 608, 610-12 (E.D. Mich. 2004). A plaintiff's assertions that she received one copy, rather than the required two copies, of a particular notice will be insufficient to rebut this presumption. *Sibby*, 240 F. App'x at 717.

Chase Home Finance has attached to its answer to plaintiffs' complaint a Notice of Right to Cancel, which explains that plaintiffs "have a legal right under federal law to cancel th[e] transaction, without cost, within THREE BUSINESS DAYS from" June 28, 2007 [Doc. 6-1]. This Notice of Right to Cancel is signed by both plaintiffs, and dated June 28, 2007 [*Id.*]. Chase Home Finance has also attached to its answer to plaintiffs' complaint a Truth-in-Lending Disclosure Statement [*Id.*]. This disclosure statement is also signed and dated by both plaintiffs, and dated June 28, 2007 [*Id.*].

---

[3]Plaintiffs filed their initial notice and application for a preliminary injunction on February 16, 2010, representing in the memorandum accompanying that notice and application that such sale was scheduled to take place on February 18, 2010 [Doc. 3]. In their reply, plaintiffs represented that the sale had been postponed until March 12, 2010 [Doc. 8].

Pursuant to the terms of 12 C.F.R. § 226.23, plaintiffs were entitled to exercise their right to rescind "until midnight of the third business day following consummation, delivery of the notice required by [12 C.F.R. § 226.23(b)], or delivery of all material disclosures, whichever occurs last." In this case, the right to rescind expired at midnight on July 3, 2007.[4] Plaintiffs waited until at least July 13, 2009 to attempt to exercise that right, by which time the right had long since expired. Finding that plaintiffs had no valid right to rescind when they attempted to exercise that right, the Court also finds that the movants have not demonstrated a strong likelihood of success on the merits of their case. For that reason, the Court will deny plaintiffs' motion for a temporary restraining order enjoining the non-judicial foreclosure of their home.

Plaintiffs' Notice and Application for Order to Show Cause Re: Preliminary Injunction Under F.R.C.P. 65 [Doc. 3] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[4] June 30 and July 1 fell on a Saturday and a Sunday, respectively.