UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH J. SIAS and | ) | |
| KATHRYN A. SIAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-43 |
| | ) | (VARLAN/SHIRLEY) |
| WASHINGTON MUTUAL BANK, FA, | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| MCCURDY & CANDLER, LLC, and | ) | |
| JOHN & JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendants JP Morgan Chase Bank, N.A. and Chase Home Finance, LLC's Motion for Judgment on the Pleadings [Doc. 18], in which defendants request dismissal of all of plaintiffs' claims in this case. Plaintiffs, proceeding pro se, have filed a response in opposition to this motion [Doc. 20]. The motion is now ripe for this Court's consideration.

I.   **Background**

Plaintiffs entered into the mortgage transaction that serves as the basis for the instant dispute on June 28, 2007 [Doc. 1, ¶ 18]. In a letter to defendant Chase Home Finance, LLC ("Chase") dated July 13, 2009, plaintiffs alleged that they "were provided with ineffective notice of the material disclosures required under 12 C.F.R. § 226.23" in connection with that mortgage transaction, and attempted to give notice to Chase of their rescission of the

mortgage agreement [Doc. 1-3].[1] On December 10, 2009, Chase responded that "[s]ince no specific Truth in Lending violations have been provided that constitute a right to rescind under the Truth in Lending Act, Chase declines [plaintiffs'] request to rescind the" loan [Doc. 1-4]. Plaintiffs thereafter received a letter dated January 25, 2010 from defendant McCurdy & Candler, LLC indicating that plaintiffs' "failure to comply with the terms of" the mortgage loan agreement resulted in "the entire amount of the outstanding balance of the loan" being "declared immediately due and payable" [Doc. 1-1]. The January 25, 2010 letter noted further that "[a]dvertisement of foreclosure w[ould] be inserted, as provided by law, providing for public sale to be held on Thursday, February 18, 2010" [*Id.*].

Plaintiffs filed a complaint with this Court on February 4, 2010 [Doc. 1]. Plaintiffs state in their complaint that the "gravamen of the instant matter is a failure to provide each [p]laintiffs [sic] with mandatory material disclosures as required by the federal Truth in Lending Act . . . and its implementing regulations at 12 C.F.R. §§ 226, *et seq*. (Reg. Z)" [*Id.*, ¶ 1]. 12 C.F.R. § 226.23(a)(1) provides that "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction." 12 C.F.R. § 226.23(b)(1) provides that "[i]n a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each

---

[1] This letter is dated July 13, 2009, but the date next to plaintiffs' signatures on the letter, in plaintiffs' handwriting, is November 20, 2009 [*see* Doc. 1-3]. The certified mail receipt submitted along with this letter indicates that the letter was mailed on November 20, 2009 [*see id.*].

consumer entitled to rescind." This notice must be on a separate document that identifies the transaction, and must clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling;

(2) The consumer's right to rescind the transaction;

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission; and

(5) The date the rescission period expires.

12 C.F.R. § 226.23(b). "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by [12 C.F.R. § 226.23(b)], or delivery of all material disclosures, whichever occurs last." *Id.* § 226.23(a)(3). "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." *Id.*

In connection with the execution of the mortgage loan transaction in this case, plaintiffs contend that they were provided with a copy of plaintiffs' Uniform Residential Loan Application; an Adjustable Rate Note with Adjustable Rate Rider; a Deed of Trust security instrument; one unsigned copy of a Truth in Lending Disclosure Statement; a HUD-1 settlement statement; and two unsigned copies of the Notice of Right to Cancel [Doc. 1, ¶ 21; *see* Doc. 1-2]. Plaintiffs argue that, pursuant to the applicable regulations, they should have received two copies of the TILA Disclosure Statement–one for each plaintiff–and four

3

copies of the Notice of Right to Cancel–two for each plaintiff [Doc. 1, ¶ 30]. They argue further that because they were not provided with these material disclosures as required under the regulations, they were statutorily entitled to a three-year extension of their right to rescind, which they timely exercised, and which was nevertheless denied to them [*Id.*, ¶ 38].

Plaintiffs also allege that they sent defendants a "qualified written request," or "QWR," as that term is defined under 12 U.S.C. § 2605(e)(2)(B) [*Id.*, ¶ 72]. Plaintiffs allege further that, in the QWR, they "specified their reasons for belief that the account was in error, not in default"; "requested that [d]efendants correct the error and rescind"; and "requested [that] these [d]efendants provide sufficient information and reasonable documentation supporting material disclosure and [s]ervicer related activity" [*Id.*, ¶ 73]. Plaintiffs allege finally that defendants "fail[ed] to make any appropriate corrections to [plaintiffs'] account in response to the QWR and valid rescission notice"; "fail[ed] to transmit written notice of such corrections to [p]laintiffs"; and "failed to provide a reasonable explanation as to why all documentation and information sought was not provided within sixty days" [*Id.*, ¶¶ 74-75].

On the basis of these allegations, plaintiffs bring five claims, each of which is premised upon defendants' alleged failures above [*see id.*, ¶¶ 56-111]. Plaintiffs seek a variety of remedies, most notably rescission of the underlying transaction [*see* Doc.1].

The Court has carefully considered the motion for judgment on the pleadings and the response in light of the pleadings and the applicable law. For the reasons that follow,

defendants' motion for judgment on the pleadings will be granted. This case will be dismissed.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–any party may move for judgment on the pleadings." The standard governing motions for judgment on the pleadings is the same as that governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). To survive a motion to dismiss, a pleading need contain only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

**III. Analysis**

As noted, defendants have moved for a judgment on the pleadings in this case. Defendants contend that "[a]n objective review of the disclosures at issue, all of which are attached as Exhibits to [defendants'] answer, show that [defendants] were in full compliance with the relevant law," and that "there is no right to rescind that [p]laintiffs could exercise or that [defendants] could possibly violate in [their] response to [p]laintiff's QWR" [Doc. 19]. Defendants contend further that, "[b]ecause the original disclosures were proper, and because [defendants] responded properly to the QWR, the other causes of action asserted by [p]laintiffs fail as a matter of law" [*Id.*]. Plaintiffs oppose defendants' motion, and argue that defendants "are asking th[e] Court to go beyond the face of the Complaint and those documents of which it may take judicial notice, in order to resolve a disputed issue of material fact in this case" [Doc. 21].

The Court agrees with defendants. The Court finds that the relevant facts in this case are indistinguishable from those in *Sibby v. Ownit Mortgage Solutions, Inc.*, 240 F. App'x 713 (6th Cir. 2007). Plaintiff in *Sibby* refinanced her home by closing on a loan in the amount of $70,200.00. *Id.* at 714. In her deposition, plaintiff acknowledged that she had signed a receipt stating that she had received two copies of a notice of right to cancel, but testified that she had in fact received only one copy of the notice. *Id.* Noting that "written acknowledgment of receipt of any disclosures required under [TILA] by a person to whom information, forms, and a statement is required to be given pursuant to this section . . . create[s] a rebuttable presumption of delivery thereof," *see* 15 U.S.C. § 1635(c), the court

held that a "[p]laintiff's deposition testimony that she only received one copy is insufficient to rebut this presumption." *Id.* at 717 (citing *Williams v. First Gov't Mortgage & Investors Corp.*, 225 F.3d 738, 751 (D.C. Cir. 2000)). *See also Oscar v. Bank One, N.A.*, Civil Action No. 05-5298, 2006 WL 401853, at *3 (E.D. Pa. Feb. 17, 2006) (holding same); *Golden v. Town & Country Credit*, Civil Action No. 02-3627 (DWF/JGL), 2004 WL 229078, at *2 (D. Minn. Feb. 3, 2004) (holding same). In so reasoning, the Sixth Circuit held that the plaintiff in *Sibby* "failed to create an issue of material fact" as to whether plaintiff received a sufficient number of copies of the notice, and affirmed the district court's entry of summary judgment in the lender's favor. *Sibby*, 240 F. App'x at 717.

In this case, Chase has attached to its answer to plaintiffs' complaint a Notice of Right to Cancel, which explains that plaintiffs "have a legal right under federal law to cancel th[e] transaction, without cost, within THREE BUSINESS DAYS from" June 28, 2007 [Doc. 6-1]. This Notice of Right to Cancel is signed by both plaintiffs, and dated June 28, 2007 [*Id.*]. Chase has also attached to its answer to plaintiffs' complaint a Truth-in-Lending Disclosure Statement [*Id.*]. This disclosure statement is also signed by both plaintiffs, and dated June 28, 2007 [*Id.*]. Plaintiffs' written acknowledgment of receipt of these disclosures creates a rebuttable presumption of delivery thereof, pursuant to 15 U.S.C. § 1635(c). Under *Sibby*, plaintiffs' averments that they did not receive this disclosure are insufficient to overcome this presumption.

Pursuant to the terms of 12 C.F.R. § 226.23, the Court thus finds that plaintiffs were entitled to exercise their right to rescind "until midnight of the third business day following

consummation, delivery of the notice required by [12 C.F.R. § 226.23(b)], or delivery of all material disclosures, whichever occurs last." The right to rescind in this case thus expired at midnight on July 3, 2007.[2] Plaintiffs waited until at least July 13, 2009 to attempt to exercise that right, by which time the right had long since expired. Because all of plaintiffs' claims are premised upon plaintiffs' exercise of a right at a time when no such right existed, the Court finds dismissal of plaintiffs' claims to be appropriate.

Defendants' motion for judgment on the pleadings will be granted. This case will be dismissed.

**IV. Conclusion**

For the reasons above, the Motion for Judgment on the Pleadings [Doc. 18] will be granted. This case will be dismissed. The Clerk will be directed to close this case.

An order accompanying this memorandum opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] June 30 and July 1 fell on a Saturday and a Sunday, respectively.